HAUSER ET AL., APPELLANTS, *v.* NEWMAN, RESPONDENT.

(No. 2,669.)

(Submitted June 9, 1909.   Decided June 16, 1909.)

[102 Pac. 334.]

*Default Judgment—Setting Aside—When Proper.*

1.   Plaintiffs commenced an action in a justice's court by filing a complaint. Defendant's answer was an oral denial and, a trial having resulted in plaintiffs' favor, defendant appealed to the district court. When the record was lodged in that court it was found that the complaint had been lost and plaintiffs asked leave to file a substitute. The motion was granted. The only change in the new pleading was an immaterial one in the title of the cause. About nine months thereafter plaintiffs asked that the default of defendant be entered for failure to answer the substituted complaint. A motion to strike defendant's original answer for refusing to sign his deposition was then pending. The default was entered and later set aside on motion. *Held,* that defendant having evidently been misled by plaintiffs' conduct, in supposing that the cause stood for trial upon the issues made by defendant's oral denial, the default was properly set aside.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by William Hauser and others, as trustees of Fargo Lodge No. 5, A. O. U. W., an unincorporated society, against William W. Newman. From an order setting aside a default judgment, plaintiffs appeal. Affirmed.

*Mr. John A. Shelton,* for Appellants.

*Mr. M. F. Canning,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order setting aside a judgment entered by the clerk of the district court on entry of default against defendant. The cause originated in a justice's court in Silver Bow county. It was begun by the filing of an account showing an indebtedness by balance due from defendant to Fargo Lodge No. 5, A. O. U. W., of $145, with interest thereon from February 6, 1900, at the rate of seven per cent per annum. It appears from the justice's docket that the cause was entitled *"William Hauser, E. McGregor and S. H. Wilder, Trustees of Fargo Lodge No. 5, A. O. U. W.,* v. *Willis W. Newman."* Subsequently an amended complaint was filed, the apparent purpose of which was to set forth formally plaintiff's cause of action. The defendant's only answer seems to have been an oral denial entered in the docket of the justice. The trial resulted in a judgment for plaintiffs. Thereupon the defendant appealed to the district court, wherein the transcript and record from the justice's court was filed on March 31, 1906. When the record was lodged with the clerk, it was found that both the original and amended complaints had been lost or mislaid. On March 6, 1907, counsel for plaintiffs, upon affidavits made by himself and the justice, alleging that the complaint had been lost, moved for leave to file another to supply its place. The court granted the application by an order entered June 24, 1907, and the pleading was filed on the following day. In the meantime, on March 14, upon notice and in pursuance of the statute (Revised Codes,

sec. 8001), the deposition of the defendant had been taken before the justice who had originally tried the cause, but upon its completion he had refused to sign it. Thereupon, on June 6, counsel for plaintiffs moved the court under the provisions of section 7980, Revised Codes, to strike out defendant's answer, basing the motion upon the affidavit of the justice showing his disobedience in refusing to sign his deposition. This motion was never disposed of, but was pending at the time the default and judgment were entered against the defendant. On March 26, 1908, counsel for plaintiffs filed with the clerk proof that he had caused a copy of the amended complaint to be served upon counsel for defendant on June 25, 1907. At that time he filed a praecipe directing the clerk to enter the default of defendant for his failure to answer the substituted pleading. This the clerk did, and thereupon entered judgment for the amount demanded by the plaintiffs. On November 30, 1908, on motion of the defendant, the court entered the order setting aside the default and judgment. The motion was based upon the ground, among others, that the so-called amended complaint was intended, at the time it was filed, merely as a substitute pleading to supply the place of the one lost from the files, and hence that the cause stood for trial upon the issues made upon it by the defendant's oral answer, as shown by the transcript of the justice's docket.

The affidavits in support of the motion for leave to file the pleading clearly indicated the purpose of counsel. It is true that in the substituted pleading there was added to the title the name of George A. McGregor as an additional trustee of Fargo Lodge No. 5, but this was apparently the only change in it. The fact that it was intended to be a substitute pleading, taken together with the subsequent delay of counsel in proceeding to demand default, as well as the fact that the motion to strike out defendant's answer for refusal to sign his deposition was still pending and undetermined, seem clearly to justify the conclusion that the determination by plaintiffs' counsel that the amended complaint required answer, and that the defendant was

in default for failure to file one, was an afterthought. In our opinion, counsel was properly denied the advantage thus gained by a change of front, after defendant and his counsel had evidently been misled by him in supposing that the cause stood for trial upon the issues already made.

The order of the district court is affirmed.

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.